UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN RICHARD WADDELL,

    Plaintiff,

v.                                                     Case No. 3:22cv4702-MCR-HTC

FIRST JUDICIAL CIRCUIT COURT,
SIXTH JUDICIAL CIRCUIT COURT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee currently committed by the Okaloosa County Circuit Court for psychiatric care at the Treasure Coast Forensic Treatment Center, filed a civil rights complaint against the First and Sixth Judicial Circuits in Okaloosa and Pinellas County. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to file an amended complaint on the Court's form, failed to file a complete motion to proceed *in forma pauperis* or pay the filing fee as instructed, and because the complaint fails to state a claim as pled, the undersigned respectfully recommends this case be dismissed without prejudice.

## I.   BACKGROUND

Plaintiff seeks to bring three claims in the complaint, which, while difficult to decipher, appear to relate to pending criminal actions. In Count I, he alleges "vindictive misconduct behavior that truly targeted me in the court of law" in the First and Sixth Judicial Circuit Courts of Okaloosa and Pinellas Counties. He seeks "criminal prosecution against judges, prosecutor, also public defenders." *Id.* at 3. In Count II, he again alleges "vindictive misconduct behavior targeting me in the court of law" resulting in "10 years in prison and close to 10 years at Florida State Hospital" and "documented psychological damages" which exacerbated his prior mental conditions. *Id.* at 4. In Count III, he asserts "false imprisonment . . . against Judges, prosecutors, also public defenders." He appears to claim that "Not guilty by reason of insanity led to 8 years or more resident at Florida State Hospital" which implied that he "cannot make decision on my own" but he claims that "I can make decision on my own." *Id.* at 5. He claims the "First Judicial Circuit Court of Law Okaloosa Authority direct target on me due in [sic] Not Guilty by Reason of Insanity." *Id.* In his request for relief, he seeks only the following, "Civil Injury law suit and criminal prosecution toward formal Judges, prosecutors and public defender due to the damages it cause on me" and states, "relief cannot be provided." *Id.* at 6.

Based on the Court's review of state court records in Okaloosa and Pinellas County, Plaintiff's allegations relate to his pretrial commitment to the Florida

Department of Children and Families ("DCF") pursuant to Fla. Stat. § 916.15 while he awaits trial for violation of conditional release in Pinellas County Circuit Court Case No. 2010 CF 1947 and for new charges in Okaloosa County Circuit Court Case No. 2021 CF 744.  In the 2010 case, Plaintiff was charged with failure to register as a sex offender, found not guilty by reason of insanity, and committed to the care of the DCF.  He was conditionally released several times but violated the conditions of his release each time and was recommitted.  The latest release was on January 15, 2020, when the circuit court granted him conditional release and required him to stay in Pensacola, Florida.

However, on December 11, 2020, Plaintiff allegedly checked out of his assigned housing and did not register a new address.  Arrest Rep., *State v. Waddell*, 2021 CF 744 (Okaloosa Cnty Cir. Ct. Mar. 28, 2021).  On February 25, 2021, Plaintiff was arrested in St. Petersburg, Florida.  He had not registered in that county or any county since leaving his assigned housing.  He was arrested on March 28, 2021 (again for failure to register as a sex offender) and brought to Okaloosa County to face new charges (2021 CF 744) and a violation of conditional release in 2010 CF 1947. On November 15, 2021, he was found incompetent to proceed, and on

December 1, 2021, committed to DCF custody, where he remains today at the Treasure Coast Forensic Treatment Center.[1]

## II. PLAINTIFF HAS FAILED TO COMPLY WITH COURT ORDERS AND HAS FAILED TO PROSECUTE THE CASE

Plaintiff has failed to comply with court orders and failed to prosecute his case. On March 30, 2022, the Court ordered Plaintiff to file an amended complaint on the Court's approved form for prisoners by April 29, 2022, and to pay the $402.00 filing fee or a motion to proceed *in forma pauperis* by April 20, 2022. ECF Doc. 3. Both dates passed without the Court receiving a response. On May 6, 2022, the court ordered Plaintiff to show cause, within fourteen (14) days, why the matter should not be dismissed for failure to comply with a Court order. ECF Doc. 4.

Plaintiff did not file anything labeled a response to the show cause order. Instead, he filed two nonsensical documents entitled, "Notice of Change of Address". ECF Docs. 5 and 6. In the first, postmarked May 9, 2022 but not otherwise dated, he does not provide an actual change of address. Instead, Plaintiff states he is an honorably discharged veteran and claims, "This Notice of Change of Address to Case No: 3:22-cv-04702-MCR-HTC will lead to Justice, Correction and

---

[1] Plaintiff is thus a prisoner for purposes of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(h); *Cooper v. Law Library Supervisor*, No. 4:16-CV-617-WS-GRJ, 2016 WL 7173890, at *1 (N.D. Fla. Oct. 12, 2016) (finding that an inmate held in Florida State Hospital because he was incompetent to proceed was a pretrial detainee), *report and recommendation adopted*, No. 4:16CV617-WS/GRJ, 2016 WL 7175620 (N.D. Fla. Dec. 7, 2016).

Case No. 3:22cv4702-MCR-HTC

Possible Felony Charges Also Disciplinary Actions." ECF Doc. 5 at 1. He also notes, "I am waiting on a transport motion" but fails to explain what that means. In ECF Doc. 6, again entitled, "Notice of Change of Address" (postmarked May 18, 2022 but otherwise undated), he claims that he will be back at the Okaloosa Jail "[o]nce the transport motion is signed" but again fails to explain what that means. It again appears that his address had not, in fact, changed as his return address was still at the Treasure Coast Forensic Treatment Center. ECF Doc. 6 at 3.

On June 1, 2022, the Court received a partial motion to proceed *in forma pauperis* which was postmarked from Plaintiff at the Treasure Coast Forensic Treatment Center on May 27, 2022. ECF Doc. 7. Although the clerk had sent the Plaintiff instructions and the forms needed to provide all the parts of a complete *in forma pauperis* application, ECF Doc. 3, Plaintiff only filled out and returned the motion and financial affidavit. He failed to provide an income account statement, prisoner consent form or executed financial certificate.[2]

Therefore, none of these documents satisfy the show cause order or give any reason not to dismiss the case for failure to prosecute or to follow Court orders. A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its

---

[2] Also attached to the motion is a Florida Bar Inquiry/Complaint Form, which should not have been submitted to this Court.

Case No. 3:22cv4702-MCR-HTC

docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

Plaintiff's complaint should also be dismissed because it is frivolous and fails to state a claim for which relief can be granted. First, Plaintiff seeks to impose criminal or other liability on the courts, the judges and the prosecutors involved in his pending criminal actions. The court, however, is not a "person" subject to suit under § 1983. *See Santillana v. Florida State Court System*, 2010 WL 6774486, at *3 (M.D. Fla. Jun. 4, 2010) (holding Seminole County Circuit Court is not a "person"

under § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) and *Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374 (11th Cir. 2005)).

Similarly, Plaintiff cannot recover against the state court judges or prosecutors because they are absolutely immune from civil liability. It is well settled that judges are immune from liability "for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1871); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Likewise, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999). Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (quotation marks omitted); *accord Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further

criminal prosecutions ...." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks and citations omitted).

Second, even if Plaintiff had named the right defendants, Plaintiff's complaint is clearly nonsensical. His allegations do not meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). That rule provides that a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010). Plaintiff's incomprehensible complaint fails to meet the basic requirements set forth under Rule 8.

Regardless, to the extent Plaintiff takes issue with the results of his pending criminal matters, Plaintiff's claims are barred by the *Younger* abstention doctrine, which holds that a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). Likewise, to the extent Plaintiff is attempting to secure immediate release, he must do so through a habeas corpus action. A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489

(1973)); *see also Johnson v. Chisholm*, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241).

Finally, Plaintiff cannot seek the criminal prosecution of the judges or prosecutors.  A private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. U.S. Attorney General*, 832 F.2d 141 (11th Cir. 1987) (affirming the dismissal of a petition for writ of mandamus seeking to compel investigation and prosecution of state attorney).

The Court pointed out these deficiencies to Plaintiff in the Court's March 30 Order, ECF Doc. 3, and gave Plaintiff an opportunity to amend the complaint. Plaintiff, however, did not file an amended complaint.

Accordingly, it is respectfully RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with a Court order and failure to state a claim upon which relief can be granted.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv4702-MCR-HTC